# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Holly L. Fry,<br><br>                         *Debtor*. | Case No. 25-10390-amc<br>Chapter 13 |

**Motion for Relief from Order Entered Under 11 U.S.C. § 362(d)(4)**

Debtor Holly L. Fry, through her attorney, moves this Court as follows:

1. This case was filed under chapter 13 on January 30, 2025.

2. Together with her husband, Thomas J. Farrell, Ms. Fry owns real property located at 2218 East Cumberland Street in Philadelphia, Pennsylvania. U.S. Bank N.A. holds a mortgage on that property.

3. During the eight-year period of January 30, 2017, through January 29, 2025, the Cumberland Street property was involved in the following bankruptcy cases:

    a. Case No. 17-17480-mdc filed by Ms. Fry individually on November 3, 2017, and dismissed on December 19, 2019, for failure to make plan payments.

    b. Case No. 19-17500-mdc filed by Mr. Farrell individually on December 2, 2019, and dismissed on May 1, 2020, for failure to make plan payments.

    c. Case No. 20-12728-mdc filed by Ms. Fry individually on June 22, 2020, and dismissed on September 2, 2021, for failure to make plan payments.

    d. Case No. 21-12490-mdc filed by Ms. Fry individually on September 10, 2021, and dismissed on July 29, 2022, for failure to make plan payments.

  e. Case No. 22-12497-mdc filed by Mr. Farrell individually on September 19, 2022, and dismissed on July 28, 2023, for failure to make plan payments.

4. In Mr. Farrell's 2022 case, Mr. Farrell and U.S. Bank entered into a stipulation resolving a motion for relief from the automatic stay by agreeing that *in rem* relief under 11 U.S.C. § 362(d)(4) would be granted against the Cumberland Street property if Mr. Farrell did not remain current on post-petition mortgage payments. The stipulation was approved by the Court on March 13, 2023.

5. Because Mr. Farrell defaulted on the stipulation's terms, the Court granted relief from the automatic stay on March 13, 2023. The order prevents the automatic stay from taking effect against the Cumberland Street property in any bankruptcy case filed before July 5, 2025. Because of that, the automatic stay did not take effect against the Cumberland Street property when this case was filed.

6. The Court may grant relief from an order under 11 U.S.C. § 362(d)(4) and impose the automatic stay against the subject property "upon changed circumstances or for good cause shown, after notice and a hearing." 11 U.S.C. § 362(d)(4).

7. There are changed circumstances warranting such relief in this case.

8. In Mr. Farrell's 2022 case, Ms. Fry reported gross monthly income of $4,090.73, and Mr. Farrell reported gross monthly income of $4,291, for a household total of $8,382.

9. Ms. Fry presently earns gross monthly wages of $4,562, and Mr. Farrell's monthly business income averages $5,693 per month, making their household gross income $10,255.

10. The increase in household income makes it likely that Ms. Fry will be able to reorganize successfully in this case, which constitutes changed circumstances that warrant imposition of the automatic stay against the Cumberland Street property.

For those reasons, the Court must enter relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: January 30, 2025	SADEK LAW OFFICES, LLC
	*Attorney for Debtor*

	By: /s/ Brad J. Sadek, Esq.
	    Brad J. Sadek, Esq.
	    1500 JFK Boulevard, Suite 220
	    Philadelphia, PA 19102
	    215-545-0008
	    brad@sadeklaw.com

## Certificate of Service

I certify that on this date, I did cause a copy of this document and all attachments to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system. I did not serve anyone by mail.

Date: January 30, 2025	/s/ Brad J. Sadek
	Brad J. Sadek

3