UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Holly Fry<br>              Debtor<br><br>Holly Fry<br>              Movant<br>v.<br><br>SN Servicing Corporation as<br>Servicer for U.S. Bank Trust<br>National Association, as Trustee of<br>BKPL-EG Basket Trust<br>Kenneth E. West- Trustee<br>              Respondents | Case No. 22-12497-amc<br><br>Chapter: 13<br><br>Judge:  Ashely M. Chan |

## OBJECTION TO DEBTOR'S MOTION FOR RELIEF FROM IN REM ORDER

SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of BKPL-EG Basket Trust ("Secured Creditor") is a secured creditor in the above Bankruptcy and by its undersigned counsel hereby makes a limited objection to the Debtor's Motion for Relief from Order Entered Under 11 U.S.C. § 362(d)(4) with respect to the property located at 2218 East Cumberland Street, Philadelphia, PA 19125 as follows:

1. Admitted.

2. Admitted, upon information and belief.

3. Admitted, upon information and belief.

4. Admitted.

5. Admitted.

6. Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required, and they are therefore denied.

7.      Denied.  Creditor is without sufficient information upon which to firm a belief as to the truth of this averment, and it is therefore denied.

8.      Denied.  The averments contained in this paragraph reference a document which speaks for itself and any characterization thereof is denied.

9.      Denied.  Creditor is without sufficient information upon which to firm a belief as to the truth of this averment, and it is therefore denied.

10.     Denied.  Creditor is without sufficient information upon which to firm a belief as to the truth of this averment, and it is therefore denied.  By way of further response and without waiving the foregoing, for informational purposes only, the arrears as of the date of filing of the instant Bankruptcy are estimated to be $87,418.16 with a contractual due date of October 1, 2021.  The pre-petition arrears in the prior Chapter 13 Case (22-12497-mdc) were only $31,381.83.  Accordingly, since the filing of the prior Bankruptcy filing, the arrears owed to Creditor have more than doubled.  Debtor and Co-Debtor have consistently demonstrated an inability to successfully complete a Chapter 13 Bankruptcy.  The purported nominal increase in household income is insufficient to make feasible the repayment of the significant arrearage.

By way of further response:

1.      Movant is the holder of a Note executed by the Co-Debtor David Fry and dated July 7, 2006, whereby the Co-Debtor promised to repay $176,000.00 plus interest to America's Wholesale Lender (the "Original Lender").  To secure the repayment of the Note, the Debtor and Co-Debtors David Fry and Holly Fry executed a Mortgage in favor Mortgage Electronic Registration Systems, Inc. as nominee for Original Lender, encumbering the Property, which was recorded in Recorder of Deeds Office in the City of Philadelphia as Document ID No.51485452.

The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. Co-Debtor David Fry entered into a Loan Modification Agreement with prior servicer Nationstar Mortgage LLC. effective August 1, 2015 that created a new principal balance of $237,425.41. Co-Debtor David Fry entered into a second loan modification with Wilmington Savings Fund Society, FSB effective June 1, 2020 that created a new principal balance of $277,064.33. A copy of the Note, Mortgage, Assignments of Mortgage and Loan Modification Agreements are attached hereto as **Exhibit "A".**

2. Debtor did not successfully complete the Trial period of the second loan modification. Accordingly, per the terms of the second loan modification, Debtor "agrees to stipulate to Foreclosure and waives their right to all defenses upon default of this New Loan Modification." See **Exhibit A** at page 60, paragraph 1.

3. The Debtor failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, a foreclosure action was commenced in the Philadelphia County Court of Common Pleas on January 11, 2017 under Case ID #17101557, captioned Nationstar Mortgage, LLC vs. Farrell, et al ("the Foreclosure Action"). A copy of the foreclosure docket report is attached hereto as **Exhibit "B".**

4. In rem judgment was entered in favor of the Movant on August 4, 2017 and a Sheriff's Sale was set for November 7, 2017. A copy of the judgment order is attached hereto as **Exhibit "C".** A copy of the Notice of Sale is attached hereto as **Exhibit "D".**

5. Debtor and Co-Debtor Thomas Joseph Farrell, Jr. have filed a total of six (6) bankruptcies since inception of the foreclosure case.

6. Debtor Holly L Fry filed a Chapter 13 bankruptcy, case #17-17480-mdc, on

November 3, 2017, staying the scheduled sale. Prior Movant obtained Relief from the Automatic Stay on August 22, 2019. The case was dismissed on December 19, 2019 for failure to make plan payments. A copy of the relief order and dismissal order are attached hereto as **Exhibit "E"**.

7. A Sheriff's Sale was subsequently set for December 3, 2019. A copy of the Notice of Sale is attached hereto as **Exhibit "F"**.

8. Co-Debtor filed a Chapter 13 bankruptcy, case #19-17500-mdc on December 2, 2019, the eve of the scheduled Sheriff's Sale. The case was dismissed on May 1, 2020 for failure to file a confirmable plan. A copy of the dismissal order is attached hereto as **Exhibit "G"**.

9. Debtor Holly L. Fry filed a Chapter 13 bankruptcy, case #20-12728-mdc on June 22, 2020. The case was dismissed on September 2, 2021 for failure to make plan payments. A copy of the dismissal order is attached hereto as **Exhibit "H"**.

10. Debtor Holly L. Fry filed a Chapter 13 bankruptcy, case #21-12490-mdc on September 10, 2021. Creditor obtained Relief from the Automatic Stay on June 21, 2022. The case was dismissed on July 29, 2022 for failure to make plan payments. Copies of the relief order and dismissal order are attached hereto as **Exhibit "I"**.

11. Co-Debtor Thomas Joseph Farrell, Jr. filed a Chapter 13 bankruptcy, case # 22-12497-mdc on September 19, 2022. Creditor obtained *in rem* Relief from the Automatic Stay on July 5, 2023, which *in rem* Relief Order was recorded on October 31, 2024, at Doc ID #54358365 in the Recorder of Deeds of Philadelphia County. The *in rem* Relief Order provided for *in rem* relief for a period of two years from its entry date and is set to expire on July 4, 2025. The case was subsequently dismissed on July 28, 2023, for failure to make plan payments. Copies of the recorded *in rem* Relief Order and dismissal order is attached hereto as **Exhibit "J."**

12. Accordingly, no automatic stay went into effect upon the filing of the instant Bankruptcy on January 30, 2025.

13. The Property is currently scheduled for Sheriff's Sale on February 5, 2024.

14. Debtor is contractually due for the October 1, 2021 mortgage payment.[1] Payoff as of the filing date is approximately $354,203.28 with estimated pre-petition arrears of $87,418.16.

15. Movant will be irreparably harmed due to the number of previous unsuccessful, repetitive filings should the in-rem relief be revoked.

**WHEREFORE**, Secured Creditor respectfully requests that the Debtor's Motion be granted to the extent outlined above and for all other and further relief as is just and proper.

Dated: January 31, 2025

By: /s/ *Lauren M. Moyer*
Lauren M. Moyer, Esquire
FRIEDMAN VARTOLO LLP
Attorneys for SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of BKPL-EG Basket Trust
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com

---

[1] As of the filing of the in rem Motion for Relief in the prior Bankruptcy, the loan was contractually due for the April 1, 2021, mortgage payment with a payoff of approximately $303,763.30 and estimated pre-petition arrears of $31,381.83.